UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

GGNSC LOUISVILLE HILLCREEK, LLC,
et al.,                                                                                                      Plaintiffs,

v.                                                              Civil Action No. 3:15-cv-908-DJH

MARVA DOCKERY, as Attorney-in-Fact of
Mildred Marshall,                                                                                  Defendant.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Marva Dockery, as attorney-in-fact for Mildred Marshall, sued various GGNSC entities[1] and James Rife, a GGNSC administrator, in Jefferson County Circuit Court. (Docket No. 1-2) GGNSC removed that suit to this Court. (*See* 3:16-cv-25-DJH) GGNSC also filed this petition under § 4 of the Federal Arbitration Act, seeking to compel arbitration of Dockery's underlying claims. (D.N. 1, 3) GGNSC alleges that Marshall signed a valid arbitration agreement that covers all of Dockery's claims. (D.N. 1, 3) In response, Dockery seeks summary judgment, claiming that the FAA is unconstitutional. (D.N. 14) She also asserts counterclaims. (D.N. 6, 15) The Court will deny Dockery's motion for summary judgment because her constitutional claims are meritless. The Court will also strike Dockery's counterclaims because they are outside the Court's scope of inquiry for a § 4 petition proceeding. Finally, the Court will order an evidentiary hearing to determine whether a valid arbitration agreement exists between the parties.

---

[1] These companies include GGNSC Louisville Hillcreek, LLC d/b/a Golden LivingCenter – Hillcreek; GGNSC Administrative Services, LLC; GGNSC Clinical Services, LLC; GGNSC Equity Holdings, LLC; Golden Gate National Senior Care, LLC; and GGNSC Holdings, LLC. (D.N. 1-2) GGNSC operates nursing homes. (D.N. 1, PageID # 4)

1

## I. BACKGROUND

Despite the numerous pages of briefing, this case is relatively straightforward. Golden LivingCenter – Hillcreek, a nursing home, admitted Mildred Marshall on July 9, 2015. (D.N. 1-2) While there, Marshall allegedly received substandard treatment that resulted in numerous injuries, hospitalization, and mental anguish. (*Id.*) She left Golden LivingCenter – Hillcreek on September 5, 2015. (*Id.*)

On December 2, 2015, her attorney-in-fact, Plaintiff Marva Dockery, sued the nursing home and a handful of limited liability companies (GGNSC) on behalf of Marshall in Jefferson County Circuit Court. (*Id.*) Dockery alleged negligence, medical negligence, corporate negligence, and violations of long-term care residents' rights. (*Id.*) She also sued a Golden LivingCenter administrator, James Rife, for negligence. (*Id.*) Defendants removed that case to this Court. (*See* No. 3:16-cv-25-DJH)

A few days prior to removal, GGNSC filed this Federal Arbitration Act petition, 9 U.S.C. § 4, seeking to compel arbitration of Dockery's underlying claims. (D.N. 1) They argue that Marshall signed a valid arbitration agreement that encompasses all of Dockery's claims; in other words, they contend that Dockery's claims belong in arbitration. (*See* D.N. 1, 3) In response, Dockery attacks the constitutionality of the FAA and contends that even if the FAA is constitutional, Marshall's signature on the arbitration agreement—which consists of the initials M.W.— was forged, and thus the agreement is invalid. (D.N. 13, 14) Dockery has also filed counterclaims, which GGNSC contends are improper because the FAA only allows defenses to be raised in response to a § 4 petition, not counterclaims. (*See* D.N. 6, 15-1)

In an effort to sort through these claims, the Court's analysis will proceed as follows: (1) whether Dockery's constitutional claims, which are raised in a motion for summary judgment,

are valid (D.N. 14); (2) whether the Court should Grant GGNSC's motion to dismiss Dockery's counterclaims (D.N. 15); and (3) whether Dockery's claims are subject to a valid arbitration agreement and thus belong in arbitration, as GGNSC argues in its motion to compel (D.N. 3).

## II. DISCUSSION

### A. The Constitutionality of the Federal Arbitration Act

Dockery's contention that the FAA is unconstitutional is meritless. In essence, she argues that "the FAA substitutes the knowing-and-voluntary requirement to waive constitutional rights"—in this case, the Seventh Amendment right to a trial by jury—"and replaces it with the standard to enforce an ordinary contract." (D.N. 14, PageID # 127) This is well-tread ground; Dockery's counsel has made the same argument in several cases, without success. *See Preferred Care of Del., Inc. v. Konicov*, No. 5:15-cv-88-KKC, 2016 WL 2593924, at *6, 11 (E.D. Ky. May 4, 2016); *Preferred Care of Del., Inc. v. Crocker*, No. 5:15-cv-177-TBR, 2016 WL 1181786, at *4 n.2 (W.D. Ky. Mar. 24, 2016). The Sixth Circuit has made it clear that in the context of the FAA, the "knowing and voluntary" standard applies. *Hergendreder v. Bickford Senior Living Grp., LLC*, 656 F.3d 411, 420 (6th Cir. 2011); *Konicov*, 2016 WL 2593924, at *6. The "knowing and voluntary" standard is not replaced with a lower standard, as Dockery insists.

Besides, the right to a trial by jury only applies "[i]n *Suits* at common law." U.S. Const. amend. VII (emphasis added). "If the claims are properly before an arbitral forum pursuant to an arbitration agreement, the jury trial right vanishes." *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 506 (6th Cir. 2004); *see Hergendreder*, 656 F.3d at 421. Of course, "the loss of the right to a jury trial is a necessary and fairly obvious consequence of an agreement to arbitrate." *Cooper*, 367 F.3d at 506 (internal quotation marks omitted). Marshall's alleged right to a jury trial has yet to attach because "[t]he Seventh Amendment confers not the right to a jury trial *per se*, but rather

only the right to have a jury hear the case once it is determined that the litigation should proceed before a court." *Id*. (internal quotation marks omitted). The Court will therefore deny Dockery's motion for summary judgment.

### B.     Counterclaims in the Context of a FAA § 4 Petition

Dockery improperly filed counterclaims in response to GGNSC's § 4 petition. Federal Rule of Civil Procedure 81(a)(6)(B) states that the rules "govern proceedings under the following laws, *except* as these laws provide other procedures: . . . (B) 9 U.S.C., relating to arbitration." Section 4 of the FAA calls for the Court to conduct only a limited inquiry:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4. The Sixth Circuit instructs district courts to "engage in a limited review to determine whether the dispute is arbitrable." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 627 (6th Cir. 2004) (quoting *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003)). This limited review consists of determining whether "a valid agreement to arbitrate exists between the parties" and whether "the specific dispute falls within the substantive scope of that agreement." *Id*. (internal quotation marks omitted). Consequently, addressing counterclaims falls outside of the scope of the Court's inquiry in a § 4 petition. *Cf. id*. at 628 (finding that the opposing party's contention that the underlying contract was invalid falls outside the Court's scope of inquiry). The Second, Seventh, and Eleventh Circuits have also recognized the limited role of the Federal Rules of Civil Procedure in the FAA context. *See Champ v. Siegel Trading Co.*, 55 F.3d 269, 274-77 (7th Cir. 1995) (finding that Rule 23 is inapplicable in the FAA

context); *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 933 (11th Cir. 1990) (holding that counterclaims cannot be filed in a FAA confirmation proceeding); *Ottley v. Schwartzberg*, 819 F.2d 373, 377 (2d Cir. 1987) (same).

This is not to say that Dockery is without any forum for her counterclaims. She has already alleged her claims in the underlying suit. *See* No. 3:16-cv-25-DJH. She has also raised defenses to the formation of the arbitration agreement. (D.N. 6, PageID # 60-66) Part of the Court's job in determining whether a valid arbitration agreement exists is determining whether there are "grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. For that reason, Dockery's forgery counterclaim will still be addressed by this Court, but as a defense to the formation of a valid arbitration agreement. Because Dockery cannot file counterclaims in response to a § 4 petition, however, the Court will grant GGNSC's motion (D.N. 15) and strike them from the record.

C.     **GGNSC's Motion to Compel**

GGNSC has moved to compel arbitration of Dockery's underlying claims. (D.N. 3-1) For the Court to compel arbitration, it must first determine whether a valid arbitration agreement exists between the parties. *Masco Corp.*, 382 F.3d at 627. Dockery's sole contention against the validity of the arbitration agreement is forgery. (*See* D.N. 13) As indicated above, "applicable state-law contract defenses like fraud, *forgery*, duress, mistake, lack of consideration or mutual obligation, or unconscionability, may invalidate arbitration agreements." *Cooper*, 367 F.3d at 498 (emphasis added) (citations omitted).

In support of her forgery defense, Dockery points to the arbitration agreement itself and notes that it is initialed "M.W.," which are not Mildred Marshall's initials. (*See* D.N. 1-3, PageID # 39) She also submits a letter from Joe Lucas, a Forensic Document Examiner, stating

5

that the initials on the arbitration agreement are not Marshall's. (D.N. 13-2) In response, GGNSC offers a report by Vickie L. Willard, also a Forensic Document Examiner, that contradicts Lucas's findings and criticizes his methods. (D.N. 15-2) GGNSC also notes that the arbitration agreement was not the only document that Marshall allegedly initialed with "M.W." (D.N. 17-1)

With the evidence before it now, the Court cannot make a determination as to whether the arbitration agreement was forged. The Court will therefore hold an evidentiary hearing on this issue.

### III.   CONCLUSION

Dockery's claim that the FAA is unconstitutional is meritless. *See Cooper*, 367 F.3d at 506. And her counterclaims are outside the Court's scope of inquiry for a § 4 petition proceeding. *See Masco Corp.*, 382 F.3d at 627. For that reason, the Court will deny Counter Defendants Jen Hancock's and Renay Adkins's motions to dismiss as moot, because Hancock and Adkins will no longer be parties to this action. (D.N. 39, 40) The Court will also deny Dockery's motion for a hearing regarding her constitutional claims and her counterclaims because a hearing on those issues is unnecessary. (D.N. 24) But because her forgery defense may have merit, the Court will conduct an evidentiary hearing to determine if a valid arbitration agreement exists between the parties. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)   This matter is set for an **EVIDENTIARY HEARING** on **December 1, 2016, at 10:00 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky. The hearing will be limited to the issue of forgery.

(2) GGNSC's motion to compel arbitration (D.N. 3) is **ADMINISTRATIVELY REMANDED**, to be reinstated following the evidentiary hearing.

(3) Defendant Marva Dockery's motion for summary judgment (D.N. 14) is **DENIED**.

(4) GGNSC's motion to dismiss counterclaims (D.N. 15) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Jen Hancock and Renay Adkins as counter defendants in the record of this matter.

(5) Defendant Marva Dockery's motion for a hearing (D.N. 24) is **DENIED**.

(6) Counter Defendant Jen Hancock's motion to dismiss (D.N. 39) is **DENIED** as moot.

(7) Counter Defendant Renay Adkins's motion to dismiss (D.N. 41) is **DENIED** as moot.

September 27, 2016

**David J. Hale, Judge**
**United States District Court**